MATTER OF PUREWAL

In Visa Petition Proceedings

A-19863293

*Decided by Board January 7, 1972*

Under the Hindu Adoptions and Maintenance Act of 1956 of India, applicable to any person who is a Sikh by religion, the adoption of a son is invalid if the adoptive father or mother has a son (whether by legitimate blood relationship or by adoption) living at the time of the adoption.

This is an appeal from a decision of the District Director denying a visa petition filed to accord the beneficiary status as the brother of a citizen of the United States pursuant to section 203(a)(5) of the Immigration and Nationality Act. The District Director concluded that the petitioner has not established that the beneficiary is her brother within the meaning of the Act. We affirm the decision and dismiss the appeal.

The petitioner is a 35-year-old married female, a native of India, who became a naturalized citizen of the United States on September 19, 1963. The beneficiary is an unmarried male, who was born in India in January 1948. The petitioner claims that the beneficiary is her brother because of the adoption of the beneficiary by the petitioner's father. In support of this claimed relationship, the petitioner presented in evidence a document dated January 10, 1957, which purports to effect an adoption of the beneficiary by the petitioner's father.

The issue in this case is whether there was a valid adoption. To determine the validity of the adoption, we must look to the applicable adoption law. Inasmuch as the adoption was supposed to have been accomplished in India, we must look to the provisions of the Hindu law.

The Hindu Adoptions and Maintenance Act of 1956, which came into operation on December 21, 1956, applies to any person who is a Sikh by religion.[1] The alleged adoptive father and adopted son belong to the Sikh religion and are subject to this Act. The Act makes invalid the adoption of a son if the adoptive father or

---

[1] Hindu Adoptions and Maintenance Act, 1956, Section 2(1)(b): "This Act applies to any person who is a Buddhist, Jaina or Sikh by religion."

mother has a son (whether by legitimate blood relationship or by adoption) living at the time of the adoption.[2] Since the petitioner's father has three sons who were living at the time of the alleged adoption, the document which purports to effect an adoption of the beneficiary by the petitioner's father does not meet the requirements of the Hindu Adoptions and Maintenance Act of 1956 and does not constitute a valid adoption.

On appeal petitioner asserted that there was a valid adoption long before the Hindu Adoptions and Maintenance Act of 1956 went into effect because adoption is permissible according to family custom and usage as well as by Sikh religious tradition. Although the Hindu law recognized adoptions prior to the Hindu Adoptions and Maintenance Act of 1956, a Hindu could not take a son by adoption if he had a son, grandson or great grandson (natural or adopted) living at the time of adoption. This position was upheld by the High Court of Bombay in *Bharmappa* v. *Ujjangauda* (1922), 46 Bom. 455.

Since we find that there was no valid adoption of the beneficiary by the petitioner's father, the District Director was correct in holding that the petitioner has not borne the burden of establishing that the beneficiary is her brother pursuant to section 203(a)(5) of the Act. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[2] Hindu Adoptions and Maintenance Act, 1956, Section 11(i): "In every adoption, the following conditions must be complied with:—if the adoption is of a son, the adoptive father or mother by whom the adoption is made must not have a Hindu son, son's son or son's son's son (whether by legitimate blood relationship or by adoption) living at the time of adoption."